UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
THOMAS SIMON WILLIAMS,

                Plaintiff,

          - against -

MAYA KRIVITSKAYA,

                Defendant.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
21-CV-3426 (PKC) (RER)

PAMELA K. CHEN, United States District Judge:

On June 10, 2021, Plaintiff Thomas Simon Williams, proceeding *pro se*, filed this civil rights action against Defendant Maya Krivitskaya. (Complaint ("Compl."), Dkt. 1.) Plaintiff has paid the filing fee to commence this action. (Dkt. 3.) As set forth below, the Complaint is dismissed.

## BACKGROUND

Plaintiff alleges "espionage conspiracy of perjury," "mental and physical torture," "abuse and neglect," an "illegal procedure under force," and "stolen identity, perjury, [and] fabricating [M]edicare claims." (Compl., Dkt. 1, at 4–5.) Plaintiff further alleges "[t]elephone calls to the hospitals out-of-state and in-state to try to get rid of me and put me away into [] mental wards, homeless shelters and trying to collect from insurance claims to receive compensation for lawsuits against my well being." (*Id.* at 5.) Plaintiff claims bodily injury and seeks $500,000 in damages. (*Id.* at 6).

## LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662,

1

678 (2009). At the pleading stage, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Iqbal*, 556 U.S. at 678). But the Court need not accept as true "legal conclusions." *Iqbal*, 556 U.S. at 678. In addition, a *pro se* complaint is to be liberally construed, and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

Even if a plaintiff has paid the filing fee, a district court may dismiss the case *sua sponte* if it determines that it lacks subject-matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), or the action is frivolous, *see Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000) (per curiam). "An action is 'frivolous' when either: (1) 'the "factual contentions are clearly baseless," such as when allegations are the product of delusion or fantasy;' or (2) 'the claim is "based on an indisputably meritless legal theory."'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (quoting, *inter alia*, *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

## DISCUSSION

Plaintiff purports to bring this action pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). (Compl., Dkt. 1, at 4.) A claim under *Bivens* allows a plaintiff to sue a federal official or employee in his or her individual capacity for an alleged constitutional violation. *See Bivens*, 403 U.S. at 397; *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854–55 (2017); *Ojo v. United States*, 364 F. Supp. 3d 163, 170 (E.D.N.Y. 2019). "Because vicarious liability is inapplicable to *Bivens* . . . suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see also Ziglar*, 137 S. Ct. at 1860 ("[A] *Bivens* claim is brought against the individual official for his or her own acts, not the acts of others.").

Here, Plaintiff sues Defendant, but does not identify Defendant's job or title, other than to state that Defendant is "[r]etired." (Compl., Dkt. 1, at 2.) Plaintiff indicates that Defendant's address, telephone number, and email address are identical to his own. (*See id*.) Based on the information provided in the Complaint, it does not appear that Defendant is a federal official or employed by a federal agency. Therefore, *Bivens* does not apply and the Court finds that the Complaint is frivolous and based on an "indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327; *see also Scanlon v. Vermont*, 423 F. App'x 78, 79 (2d Cir. 2011) (summary order) ("An action is frivolous if it lacks an arguable basis in law and fact—*i.e.*, where it is 'based on an indisputably meritless legal theory' or presents 'factual contentions [which] are clearly baseless.'" (quoting *Neitzke*, 490 U.S. at 327)).

Further, the Court has considered whether it has federal-question or diversity jurisdiction over this matter and finds that it does not. "Congress has granted district courts original jurisdiction over cases in which there is a federal question, *see* 28 U.S.C. § 1331, and certain cases between citizens of different states, so long as the requirements of complete diversity and amount in controversy are met, *see* 28 U.S.C. § 1332." *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013). A claim alleging federal-question jurisdiction "may be dismissed for want of subject-matter jurisdiction if it is not colorable, *i.e.*, if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 n.10 (2006) (quoting *Bell v. Hood*, 327 U.S. 678, 682–83 (1946)). Plaintiff has not alleged facts to support a claim under a federal law or statute. Rather than present a federal question, the Complaint includes conclusory allegations of espionage, torture, abuse, and neglect, but does include any facts to support these claims. (Compl., Dkt. 1, at 4–5.) Plaintiff also

fails to allege facts to support diversity jurisdiction as both parties appear to be citizens of New York. (*Id.* at 2 (providing the same Brooklyn, New York address for both parties).)

A plaintiff bears the burden of establishing that subject-matter jurisdiction exists. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Because subject-matter jurisdiction "involves a court's power to hear a case," it cannot "be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). "[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh*, 546 U.S. at 514. The Court has concluded that it does not have subject-matter jurisdiction over the claims in the Complaint, and therefore dismisses the Complaint in its entirety.

## CONCLUSION

For the reasons stated herein, the Court dismisses the Complaint, without prejudice, for lack of subject-matter jurisdiction, Fed. R. Civ. P. 12(h)(3), and as frivolous. Although Plaintiff paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: June 25, 2021
      Brooklyn, New York